1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10
                             ----oo0oo----
11

12   In re: SERGUEY SARKISOV,
                                        NO. CIV. S-05-462 FCD
13            Debtor,

14   In re: BLUSAR MANUFACTURING,
     LLC,
15            Debtor,

16
     THOMAS ACEITUNO, Chapter 7
17   Trustee, and STEPHEN REYNOLDS,
     Chapter 7 Trustee,
18
              Plaintiffs,
19
          v.
20
     KBI NORCAL, INC., a California
21   Corporation, THOMAS BELSER,
     an individual, and DAVID MOON,
22   an individual,

23            Defendants.

24   _____/

25                           ----oo0oo----

26       This matter comes before the court on defendants' KBI

27   Norcal, Inc., Thomas Belser, and David Moon ("defendants"),

28   motion to withdraw the reference of the adversarial proceeding

     from the United States Bankruptcy Court to the United States

1   District Court for the Eastern District of California.[1]   This

2   motion is in response to plaintiffs' Stephen Reynolds, and Thomas

3   Aceituno ("plaintiffs"), complaint filed in the United States

4   Bankruptcy Court for the Eastern District of California, which

5   alleges various causes of action pursuant to both state and

6   bankruptcy law.   Specifically, the complaint alleges that

7   defendants conspired together to force Serguey Sarkisov to sell

8   the assets of Bulsar Manufacturing LLC to KBI at prices below

9   their actual value.   Plaintiff Reynolds was appointed Chapter 7

10  Trustee by the bankruptcy court following Serguey and Irina

11  Sarkisov's filing for Chapter 7 relief under the United States

12  Bankruptcy Code on November 23, 2002.   Plaintiff Aceituno was

13  similarly appointed Chapter 7 Trustee after Blusar Manufacturing

14  LLC filed for Chapter 7 relief on November 27, 2002.

15                            **STANDARD**

16      The District Court, pursuant to 28 U.S.C. § 157(d), may

17  withdraw any case or proceeding, in whole or in part, for cause

18  shown.   The moving party bears the burden of demonstrating cause

19  for a discretionary withdrawal of reference.   <u>In re Envisionet</u>

20  <u>Computer Services, Inc.</u>, 276 B.R. 7, 9 (D. Me. 2002).   To

21  determine whether cause exists, courts consider various factors

22  such as "the efficient use of judicial resources, delay and costs

23  to the parties, uniformity of bankruptcy administration, the

24  prevention of forum shopping, and other related factors."

25  <u>Security Farms v. Int'l Bhd. of Teamsters, Chauffers,</u>

26

27      [1]   Because oral argument will not be of material
    assistance, the court orders the matter submitted on the briefs.
28  E.D. Cal. Local Rule 78-230.

1 <u>Warehousemen, & Helpers</u>, 124 F.3d 999, 1008 (9th Cir. 1997); <u>see</u>

2 <u>also</u> <u>In re Kenai Corp.</u>, 136 B.R. 59, 61 (S.D.N.Y. 1992) (stating

3 that the factors to be evaluated include, among others, the core

4 versus non-core nature of the claims, judicial economy and

5 efficiency, uniformity of bankruptcy administration, reduction of

6 forum shopping, and the presence of a jury demand).

7 **ANALYSIS**

8       After evaluation of the relevant factors, the court finds

9 that defendants' motion to withdraw the reference to the

10 bankruptcy court is premature for several reasons.

11       First, the bankruptcy court has not yet made a determination

12 whether this is a core or non-core proceeding.  <u>In re Envisionet</u>

13 <u>Computer Services, Inc.</u>, 276 B.R. at 11 ("The bankruptcy court is

14 the appropriate tribunal for deciding the core/noncore status of

15 claims").  From the complaint, it appears that plaintiffs'

16 complaint asserts both core and non-core claims, though parties

17 dispute the nature of some of the claims.  The bankruptcy court

18 is in a better position to address which claims are core and non-

19 core, and which type of claims will predominate in the

20 proceeding.  <u>In re Coe-Truman Technologies, Inc.</u>, 214 B.R. 183,

21 187 (N.D. Ill. 1997); <u>Orion</u>, 4 F.3d at 1101 ("[H]earing core

22 matters in a district court could be an inefficient allocation of

23 judicial resources given that the bankruptcy court generally will

24 be more familiar with the facts and issues.").

25       Second, even if defendants are entitled to a jury trial on

26 some or all of the claims in the complaint, the court will not

27 withdraw the reference until the case is trial-ready.  "The

28 appropriateness of removal of the case to a district court for

3

1  trial by jury, on asserted Seventh Amendment grounds, will become

2  a question ripe for determination if and when the case becomes

3  trial-ready." <u>Business Communications, Inc. v. Freeman</u>, 129 B.R.

4  165, 166 (N.D. Ill. 1991) (quotation and citation omitted).  "A

5  rule that would require a district court to withdraw a reference

6  simply because a party is entitled to a jury trial, regardless of

7  how far along toward trial a case may be, runs counter to the

8  policy of favoring judicial economy that underlies the statutory

9  bankruptcy scheme."  <u>In re Kenai Corp.</u>, 136 B.R. 59, 61 (S.D.N.Y.

10 1992).  Defendants may renew their motion to withdraw the

11 reference if and when this case advances closer to trial.

12       Finally, judicial economy weighs against withdrawing

13 reference from the bankruptcy court at this time.  The bankruptcy

14 court has presided over the underlying bankruptcy cases since

15 their inception, and thus has developed a familiarity with the

16 facts and issues presented.  Therefore, the bankruptcy court is

17 in a better position to handle discovery and other pretrial

18 matters.  <u>In re Enron Corp.</u>, 317 B.R. 232, 235 (S.D.N.Y. 2004).

19                          **CONCLUSION**

20      Because the court concludes that the motion is premature,

21 the motion to withdraw the reference is DENIED without prejudice.

22 As stated above, defendants may renew the motion if and when this

23 case is ready for trial.

24      IT IS SO ORDERED.

25 DATED: April 27, 2005

26                              /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, Jr.
27                              UNITED STATES DISTRICT JUDGE

28

4